IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

TIMOTHY L. MIXON  
(AIS #160426), :

    Plaintiff, :

v. : CA 11-00367-WS-C

CORIZON, INC., f/k/a CORRECTIONAL  
MEDICAL SERVICES, INC., et al., :

    Defendants. :

**REPORT AND RECOMMENDATION**

This action was referred by the Clerk of Court pursuant to 28 U.S.C. § 636(b)(3)[1] and is now before the undersigned on the plaintiff's motion for leave to appeal *in forma pauperis*. (Doc. 34). For the reasons stated below, it is **RECOMMENDED** that the motion be **DENIED**.

    I.    Facts and Proceedings.

The plaintiff, an Alabama prison inmate proceeding *pro se* and *in forma pauperis*, filed this § 1983 action, alleging that his Eighth Amendment rights were violated by the defendant's delaying medical treatment for a hernia he developed on or about May 9, 2011, while he was incarcerated at Holman Correctional Facility. The undersigned's report and recommendation on the converted motions for summary judgment, entered on February 16, 2012, summarizes the parties' material allegations (*see* Doc. 28 at 2-4),

---

[1] Since this recommendation is made after a referral pursuant to 28 U.S.C. § 636(b)(3), the claimant does not have an opportunity to file objections. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1114 (9th Cir. 1998) ("Section 636(b)(3) does not provide a party with [an] opportunity] to file written objections with the district court."). Accordingly, the Clerk is directed to refer this matter to the District Judge for his consideration without the necessity of a waiting period.

but the plaintiff's claim, in essence, is that while he complained to the defendants about symptoms that he was experiencing with a hernia on May 9, 2011, he did not receive surgery to repair the hernia until December 5, 2011 (*see id.* at 8) and that this seven-month delay in securing that procedure constituted a violation of his rights under the Eighth Amendment (*id.*).  The report and recommendation concluded that the plaintiff's claims fail as a matter of law and recommended that summary judgment be granted.  (*See generally id.*)  The Court adopted the report and recommendation, over the plaintiff's objection (Doc. 29), on February 29, 2012 (Doc. 30), and entered judgment the same day (Doc. 31).

II.   Authorities.

28 U.S.C. § 1915 and Federal Rule of Appellate Procedure 24 govern the determination of applications to proceed with an appeal *in forma pauperis*.  *See Ex parte Chayoon*, No. 6:06-cv-1812-Orl-19JGG, 2007 WL 1099088, *2 (M.D. Fla. Apr. 10, 2007) (citing *Brown v. Pena*, 441 F. Supp. 1382, 1384 (S.D. Fla. 1977), *aff'd*, 589 F.2d 1113 (5th Cir. 1979)[2]).  Section 1915(a) provides, in relevant part:

> (1)  Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.  Such affidavit shall state

---

[2]   All decisions of the former Fifth Circuit issued before October 1, 1981 are binding precedent in the Eleventh Circuit.  *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

>   the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
>   . . .
>
>   (3)  **An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith**.

28 U.S.C. § 1915(a) (emphasis added).

Rule 24(a) of the Federal Rules of Appellate Procedure further provides, in relevant part:

>   (1)  **Motion in the District Court.**  Except as stated in Rule 24(a)(3), a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
>
>>   (A)   shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>>
>>   (B)   claims an entitlement to redress; and
>>
>>   (C)   states the issues that the party intends to present on appeal.
>
>   (2)  **Action on the Motion.**  If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise.   If the district court denies the motion, it must state its reasons in writing.

FED. R. APP. P. 24(a).

The test for whether an appeal is taken in good faith under section 1915(a) is whether the litigant seeks appellate review of any issue that is not frivolous. *See Chayoon*, 2007 WL 1099088, at *1 (citing *Coppedge v. United States*, 369 U.S. 438, 445 (1962)). "[A]n appellant's good faith subjective motivation for appealing is not relevant, but rather whether, objectively speaking, there is any non-frivolous issue to be litigated on

appeal." *Kirklewski v. Hamilton*, No. 3:07cv193, 2008 WL 906011, at *1 (S.D. Ohio Mar. 31, 2008); *see also Coppedge*, 369 U.S. at 445; *Amir-Sharif v. Dallas County Tex.*, 269 Fed. App'x 525, 526 (5th Cir. 2008) (per curiam) ("A movant who seeks authorization to proceed IFP on appeal must **demonstrate** that he is a pauper and **that his appeal involves nonfrivolous issues**.") (citing *Carson v. Polley*, 689 F.2d 562, 586 (5th Cir. 1982)) (emphasis added).

### III. Application.

As stated above, the basis for the plaintiff's Eighth Amendment claim is that the seven-month delay—from the time he complained about his symptoms to the defendants, May 9, 2011, to when he received surgery to repair his hernia, December 5, 2011—was a violation of the Eighth Amendment's Cruel and Unusual Punishment Clause. In the report and recommendation underlying the Court's February 29, 2012 Order, the undersigned concluded that the plaintiff failed to establish the subjective element of his Eighth Amendment claim, necessitating summary judgment for the defendants:

> In this case, Plaintiff does not dispute that he received immediate, continuous, and extensive medical treatment from the first day that he complained about his hernia. However, he complains that he should not have had to wait even months for surgery and that the seven-month delay constitutes deliberate indifference to his serious medical need.
>
> .     .     .
>
> Plaintiff's hernia did not become "incarcerated," thereby necessitating medical treatment, until September 29, 2011. At that time, Dr. Barber promptly submitted a request for a surgical referral, which was approved by Defendant Corizon on October 22, 2011. Plaintiff was taken to a

4

> private surgeon, Dr. Paul, on November 3, 2011, and Dr. Paul scheduled Plaintiff's surgery for December 5, 2011.
>
> While Plaintiff undisputedly experienced pain associated with his hernia and while that pain was sometimes severe, he was continuously prescribed pain medication, hernia guards, and given "no prolonged standing" profiles. Even considering his complaints of pain, there is no indication from the record that Dr. Paul, Dr. Barber, or any other medical professional considered his hernia condition to require surgical intervention prior to the date that it became "incarcerated" on September 29, 2011.
>
> Moreover, there is no indication that Dr. Paul, Dr. Barber, or any other medical professional at any time considered Plaintiff's hernia condition to be urgent or life-threatening, even after the hernia became "incarcerated." To the contrary, the evidence is undisputed that Plaintiff's condition was never life-threatening.
>
> The record shows that, at all times, Plaintiff was closely followed by the medical staff at Holman and promptly treated for his complaints. There is no evidence that Defendants ever knew of an excessive risk to Plaintiff's health and disregarded it, nor is there "verifying medical evidence" that any delay in surgical intervention, whether before or after the hernia became "incarcerated," detrimentally exacerbated Plaintiff's condition.

(Doc. 28 at 11-14 (citations and footnotes omitted).) *See also Jackson v. Jackson*, No. 10–14473, 2012 WL 265585, at *2 (11th Cir. Jan. 31, 2012) (per curiam) (cited in report and recommendation) (in which the Eleventh Circuit affirmed a district court's grant of summary judgment for the defendants in a similar case, concluding that "[t]he delay in receiving surgery was because the hernia remained treatable without surgery and posed no risk to Jackson's health"; "the delay did not worsen Jackson's condition"; and "[t]hat Jackson felt he should have had surgery earlier than he did is insufficient to support a deliberate indifference claim").

5

Having considered the foregoing at length, the undersigned can perceive no legitimate, non-frivolous issue to be presented on appeal.[3]  The plaintiff's motion to appeal *in forma pauperis*—in violation of Federal Rule of Appellate Procedure 24(a)(1)(C)—and notice of appeal, moreover, are silent as to any issues he wishes to present on appeal, contravening his duty, as the party seeking "authorization to proceed IFP on appeal[,]" to "demonstrate . . . that his appeal involves nonfrivolous issues." *Amir-Sharif.*, 269 Fed. App'x at 526.  The undersigned, therefore, **RECOMMENDS** that the District Judge certify in writing, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not taken in good faith and that Plaintiff's motion to proceed *in forma pauperis* on appeal be **DENIED**.

The instructions that follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 30th day of March, 2012.

>  s/WILLIAM E. CASSADY
>  **UNITED STATES MAGISTRATE JUDGE**

---

[3] *See, e.g., Washington v. School Bd. of Hillsborough County*, No. 8:08-CV-2023-T-33MAP, 2010 WL 3666989, at *1 (M.D. Fla. Aug. 17, 2010) (reviewing order granting motion for summary judgment, from which the petitioner sought leave to appeal *in forma pauperis*, and concluding that because "none of Plaintiff's claims possess an arguable basis in law or in fact[,] the Court could not "find a legitimate, non-frivolous issue to be presented on appeal and, therefore, Plaintiff should not be allowed to proceed on appeal *in forma pauperis*").